NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | Civil Action No. 05-2681 (JAG) |
| IN RE ABLE LABORATORIES SECURITIES | : |  |
| LITIGATION | : | **OPINION** |
|  | : |  |
|  | : |  |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 147) of the Denver Employees Retirement Plan ("DERP") and Deka International (Ireland) Limited ("Deka") (collectively, "Lead Plaintiffs") seeking partial summary judgment against Shashikant K. Shah ("Shah"),[1] pursuant to FED. R. CIV. P. 56.  Specifically, Lead Plaintiffs seek summary judgment on Count II, alleging Shah, among others, violated Securities and Exchange Commission ("SEC") rule 10b-5(a) and (c), promulgated under section 10(b) of the Securities Exchange Act, by employing and engaging in a scheme to defraud Plaintiff and other class members, and Count III, alleging Shah, among others, violated section 20A of the Securities Exchange Act by selling a substantial number of shares of common stock of Able Laboratories ("Able Labs" or "Able") during the Class Period while in possession of material non-public information.  Since Lead Plaintiffs have failed to establish the existence of an essential element of their claim, the motion will be denied.

---

[1] Shashikant Shah was Vice President of Quality Control and Regulatory for Able from February 2000 until his resignation in December 2004.  Shah continued to serve as a Quality Control consultant after his resignation.  (Am. Compl. ¶ 13.)

1

**Factual Background**

The facts underlying this case are set forth in detail in this Court's Opinion denying the four motions to dismiss. As such, the facts will only be summarized here.

Lead Plaintiffs brought this action on behalf of those who purchased or acquired Able stock between October 30, 2002 and May 18, 2005, inclusive (the "Class Period"), and were damaged as a result of their purchase. (Consolidated Class Action Compl. ("Am. Compl.") ¶ 24.) Throughout the Class Period, Able obtained FDA approvals to manufacture and market various generic drugs, allegedly through falsification of testing data and inaccurate reporting to the FDA. Based on Able's profitability, which was fueled by these allegedly fraudulently obtained FDA approvals, the price of Able's stock rose during the Class Period. When Able's inadequate reporting and false test results were disclosed to the public on May 19, 2005, the stock price plummeted. (Am. Compl. ¶ 138.)

Between May 23, 2005 and June 16, 2005, nine cases[2] were filed in this Court alleging securities fraud violations by Able and various officers of Able. After evaluating seven motions seeking appointment as lead plaintiff (Docket Entry Nos. 3, 6, 7, 11, 12, 13, 17), this Court granted the request of Lead Plaintiffs to serve as lead plaintiff. In re Able Laboratories Sec. Litig., 425 F. Supp. 2d 562 (D.N.J. 2006). Lead Plaintiffs filed an amended complaint (hereinafter "Complaint") which, due to the fact that Able filed for bankruptcy,[3] only named

---

[2] By order dated January 25, 2006, these nine cases were consolidated (Docket Entry No. 46).

[3] On July 18, 2005, Able filed a petition to reorganize under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, Trenton Division. (Am. Compl. ¶ 7.)

several former Able officers as defendants. (Am. Compl. ¶¶ 11-15.)

While this case was proceeding, other litigation involving Able and some of the individual defendants named in this case was also underway. Among those other cases was a criminal case against Shah. On March 8, 2007, Shah pled guilty to a one count information charging that Shah engaged in a dual object conspiracy, pursuant to 18 U.S.C. § 371, namely, "a conspiracy to commit securities fraud and to distribute adulterated or misbranded drugs." (Tr. of Plea, March 8, 2007 3:10-3:14, attached as Ex. F to Lead Pls.' Statement of Undisputed Material Facts in Supp. of Mot. for Partial Summ. J. Against Def. Shashikant K. Shah (hereinafter "Tr.").) Based upon the statements made by Shah during the plea colloquy, Lead Plaintiffs filed this motion seeking partial summary judgment against Shah.

**Summary Judgment Standard**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue as to any material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331). See also United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury

could find for the non-moving party." (emphasis in original) (internal citations omitted).)  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.

**Count II: § 10(b)**

To allege a violation under section 10(b) and Rule 10b-5, the Supreme Court has noted that "[i]n cases involving publicly traded securities and purchases or sales in public securities markets, the action's basic elements include: (1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as 'transaction causation'; (5) economic loss; and (6) 'loss causation,' i.e., a causal connection between the material misrepresentation and the loss."  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341 (2005) (citations omitted).  See also In re: Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 275 (3d Cir. 2006).[4]  Thus, Lead Plaintiffs, as the moving party, must bring forth sufficient evidence to support each of these elements in order to prevail on the motion for summary judgment.  Lead Plaintiffs have failed to meet this requirement.

Most of Lead Plaintiffs' argument focuses on Shah's scienter and the actions he allegedly

---

[4] Although in setting forth the elements in Dura, the Supreme Court did not distinguish between the three subsections of Rule 10b-5, there are subtle distinctions between the three subsections.  Subsection (b) prohibits the making of an "untrue statement of a material fact or . . . [omission of] . . . a material fact necessary . . . to make the statements made . . . not misleading."  17 C.F.R. § 240.10b-5(b), while subsections (a) and (c) impose liability for the use of "any device, scheme, or artifice to defraud" or for "engag[ing] in any act, practice, or course of business which operates . . . as a fraud."  17 C.F.R. § 240.10b-5(a), (c).  This difference between the subsections does not impact this Court's reasoning with respect to the remaining required elements.

took as disclosed in his plea colloquy.[5]  However, Lead Plaintiffs have made no reference to the elements of reliance or loss causation in their submissions to this Court.  In fact, in their Reply Memorandum of Law, Lead Plaintiffs acknowledge that they have failed to establish the elements of reliance and loss causation, and ask this Court to grant summary judgment on four of the six elements of Count II.  (Reply Mem. of Law in Further Support of Lead Pls.' Mot. for Partial Summ. J. Against Def. Shashikant K. Shah 10 n.7 ("Proof of reliance, loss causation and damages, to the extent required, is properly deferred to a later stage in this litigation.").)

Partial summary judgment does not mean that no genuine issues as to material fact exist as to only some of the elements of any given claim.  Rather, the proponent of the motion must demonstrate that no issues of fact exist as to all of the elements of each claim upon which they seek summary judgment.  Coffman v. Federal Labs., Inc., 171 F.2d 94, 98 (3d Cir. 1949) ( FED. R. CIV. P. 56 "'does not contemplate a summary judgment for a portion of a single claim in [a] suit.'" (quoting Biggins v. Oltmer Iron Works, 154 F.2d 214, 216 (7th Cir. 1946))).  Summary judgment cannot be granted based on a distillation of some of the facts in the case relating to some of the elements.  Partial summary judgment should reflect a determination by the Court on some, but not all, of the claims in a complaint.  Kendall McGaw Labs., Inc. v. Community

---

[5] Since this Court is deciding the present motion on different grounds, it need not address the question of whether or not a guilty plea can be accepted as establishing undisputed material facts for purposes of deciding a motion for summary judgment.  However, this Court notes that the Third Circuit has observed that "[t]he basic rule that emerges from the New Jersey cases is that a criminal conviction is conclusive proof of commission of a crime, but not of the underlying facts."  Philadelphia Indem. Ins. co. v. Healy, 156 Fed. Appx. 472, 477 (3d Cir. 2005).  In particular, the Third Circuit's conclusion that "a person who has pled guilty to a crime should be permitted to litigate his *intent* in a subsequent civil proceeding," id., could impact this Court's ability to conclude that Lead Plaintiffs have established undisputed material facts as to Shah's scienter.  However, this Court need not resolve this issue in order to resolve the motion.

Mem'l Hosp., 125 F.R.D. 420, 421 (D.N.J. 1989) ("Summary judgment may be had as to one claim among many, but it is well settled that neither subsection [(a) nor (b) of FED. R. CIV. P. 56] allows such a judgment as to one portion [of] a claim."). Here, the failure of Lead Plaintiffs to follow the appropriate protocol for a partial summary judgment motion requires this Court to deny Lead Plaintiffs' motion.

While Lead Plaintiffs cite to a decision from the Southern District of New York in support of this proposition, In re Adelphia Commc'ns Corp., No. 03 MD 1529 (LMM) 2006 WL 2463355, at *7-8 (S.D.N.Y. Aug. 23, 2006), that decision is not binding authority on this Court. Rather, this Court is bound by the decisions of the Third Circuit, which, as previously noted, has concluded that FED. R. CIV. P. 56 "'does not contemplate a summary judgment for a portion of a single claim in [a] suit.'" Coffman, 171 F.2d at 98.

As a result, Lead Plaintiffs have failed "'to make a showing sufficient to establish the existence of . . . element[s] essential to that party's case, and on which that party will bear the burden of proof at trial.'" Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23). Therefore, summary judgment will be denied on this count.

**Count III: § 20A**

Section 20A of the Securities Exchange Act of 1934, 15 U.S.C. § 78t-1, establishes a private right of action for insider trading. Specifically, that section provides that

> Any person who violates any provision of this chapter or the rules or regulations thereunder by purchasing or selling a security while in possession of material, nonpublic information shall be liable in an action in any court of competent jurisdiction to any person who, contemporaneously with the purchase or sale of securities that is the subject of such violation, has purchased (where such violation

>is based on a sale of securities) or sold (where such violation is based on a
>purchase of securities) securities of the same class.

15 U.S.C. § 78t-1(a).

Thus, in order to prevail on this claim, plaintiffs must first demonstrate a predicate violation of the Securities Exchange Act of 1934, as well as showing that the purchase or sale of the securities occurred contemporaneously with the insider's sale or purchase of the same securities. As discussed earlier, this Court has concluded that Lead Plaintiffs have failed to demonstrate facts supporting each element of a § 10(b) claim. As such, Lead Plaintiffs have failed to demonstrate an essential element of a claim made pursuant to § 20A, namely a predicate violation of the Securities Exchange Act. Therefore, summary judgment will be denied on this count.

## **Conclusion**

As discussed above, Lead Plaintiffs have failed to set forth any facts that demonstrate they are entitled to judgment as a matter of law with respect to the elements of reliance and loss causation in their § 10(b) claim. Lead Plaintiffs' motion for summary judgment will be denied on this count.

Since Lead Plaintiffs have failed to establish that Shah committed a predicate violation of the Securities Exchange Act, they have failed to demonstrate an element of a claim made pursuant to § 20A. Therefore, the motion for summary judgment on Count III will be denied.

Date:   March 25, 2008

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.