| | |
|---|---|
| **GRANT & EISENHOFER P.A.** | **LABATON SUCHAROW LLP** |
| **1201 North Market Street** | **100 Park Avenue** |
| **Wilmington, Delaware 19801** | **New York, New York 10017-5563** |
| **Telephone: (302) 622-7000** | **Telephone: (212) 907-0700** |
| **Facsimile: (302) 622-7100** | **Facsimile: (212) 818-0477** |

August 20, 2009

**By Electronic Filing**

The Honorable Joseph A. Greenaway, Jr.
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    **In re Able Laboratories Securities Litigation**, No. 05-CV-2681 (JAG) (MCA)
              **Stanziale v. Wadekar, et al.**, No. 06-CV-5447 (JAG) (MCA)
              **Kirtley v. Wadekar, et al.**, No. 05-5383 (JAG) (MCA)

Dear Judge Greenaway:

      On behalf of the plaintiffs in In re Able Laboratories Securities Litigation, we write to request a telephone conference in the three above-captioned cases at the Court's earliest convenience. As Your Honor is aware, with the Court's assistance the parties reached agreements-in-principle to settle all three Able Laboratories-related cases on March 12, 2009. Unfortunately, despite diligent and repeated efforts by us and by counsel for the consumer plaintiffs, we have not yet consummated the settlement agreements. This is not the result of any disagreement regarding the substance of the agreements, but rather is due to the apparent lack of interest on the part of the defendants' insurers and the Trustee (the plaintiff in the third action) to move the settlement process forward.

      Promptly following the March 12 settlement conference, we drafted a Stipulation of Settlement and related documents for the securities class action, and forwarded them to defense counsel on March 31, 2009. We did not receive any comments from the defendants until more than two months later, on June 5, 2009. We immediately reviewed those comments and sent back our proposed revisions the very next business day, June 8, 2009. More than two months have passed since that time, and despite repeated requests we have been given no further comments on the draft stipulation. Meanwhile, the consumer plaintiffs' counsel likewise sent draft settlement papers to defense counsel, received one set of revisions, and reverted to defense counsel with further comments by mid-June. Like us, they have received no further input regarding their agreement. Defense counsel have told us that they forwarded our revised drafts to the insurers' counsel in June but that the insurers' counsel have failed to provide any further comments.

      On June 30, defense counsel informed us that they had not yet received a draft settlement agreement from the Trustee, and that they needed a draft of that agreement before they could move the process along in the securities and consumer cases. We and the consumer plaintiffs' counsel responded the same day that we saw no reason for our settlements to be held up by delays in documentation of the Trustee's settlement, given that the Trustee's case involves a

The Honorable Joseph A. Greenaway, Jr.
August 20, 2009
Page 2


separate settlement fund and separate documentation, and that the consumer and securities class actions will require preliminary approval and class notice pursuant to Rule 23, while the Trustee's settlement does not.  However, the insurers are apparently persisting in their position that all three settlement agreements must be finalized at once.  In an effort to break this logjam, we reached out to the Trustee's counsel – also on June 30 – to inquire into the status of the Trustee's settlement papers.  We followed up via email to the Trustee's counsel on July 27.  No response has ever been received.[1]

In sum, the efforts of plaintiffs' counsel in the securities and consumer actions to consummate their settlements for the benefit of their respective classes have been thoroughly frustrated by the inaction of the defendants' insurers and the Trustee.  It appears that a telephone conference with the Court may be the only thing that will spur them into action so that these settlements can be consummated, and we respectfully request that such a conference be convened at the Court's earliest convenience.  The consumer plaintiffs' counsel have authorized us to inform the Court that they join this request.

Respectfully submitted,


*s/ Megan D. McIntyre*
Megan D. McIntyre
GRANT & EISENHOFER P.A.

*s/ Ira A. Schochet*
Ira A. Schochet
LABATON SUCHAROW LLP

cc: (All via e-filing and/or electronic mail)

Taras Kick, Esq.
The Kick Law Firm, APC
900 Wilshire Boulevard, Suite 230
Los Angeles, CA 90017

Thomas P. Scrivo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Daniel K. Winters, Esq.
Lawrence J. Reina, Esq.
Reed Smith, LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022

Paul F. Matousek, Esq.
Walker, Wilcox, Matousek, LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606-3418

Jane R. DiGioia, Esq.
Monitor Liability Managers, Inc.
2850 West Golf Road, Suite 800
Rolling Meadows, IL 60008-4039

Gary V. Dixon, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, DC 20006

---

[1] The Trustee has also been unresponsive to our request – made more than two months ago on June 9 – that the Trustee provide written authorization for Able Laboratories' transfer agent to give us a list of persons who purchased the company's securities during the Securities Action class period.  That list will greatly assist us in identifying and providing notice to members of our class, but despite repeated requests the Trustee has not, to our knowledge, authorized the release of this information to us.

The Honorable Joseph A. Greenaway, Jr.
August 20, 2009
Page 3

Brian E. Pastuszenski, Esq.
Stuart M. Glass, Esq.
Neil Raphael, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109

David S. Kwon, Esq.
Kirkpatrick, Lockhart, Preston
Gates, Ellis, LLP
One Newark Center
10th Floor
Newark, NJ 07102

Roderick L. Thomas, Esq.
Wiley Rein, LLP
1776 K Street NW
Washington, DC 20006-2304

Jill M. Levy, Esq.
Boundas, Skarzynski, Wash & Black
One Battery Park Plaza, 33rd Floor
New York, NY 10004

Scott Shepherd, Esq.
Natalie Finkelman Bennett, Esq.
Shepherd, Finkelman, Miller and Shah
35 East State Street
Media, PA 19063

Kevin P. Roddy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900
Box 10
Woodbridge, NJ 07095