UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
– – – – – – – – – – – – – – – – – – – – – – – – – – x
                                                    :
In re ABLE LABORATORIES              :   Case No. 05-CV-2681 (JAG) (MCA)
SECURITIES LITIGATION                :
                                     :
                                     :
– – – – – – – – – – – – – – – – – – – – – – – – – – x
```

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into by Lead

Plaintiffs Denver Employees Retirement Plan and Deka International (Ireland) Limited (together,

the "Lead Plaintiffs"), on behalf of themselves and the Class (as hereinafter defined), and

Defendants Dhananjay G. Wadekar, Shashikant C. Shah, Robert J. Mauro, Garth Boehm and Iva

Klemick (collectively, "Defendants"); and provides for the settlement and release of all claims

and defenses asserted in the above-captioned action (the "Action"), subject to approval of the

United States District Court for the District of New Jersey (the "Court") pursuant to Rule 23 of

the Federal Rules of Civil Procedure.

WHEREAS:

A.      Between May 23, 2005 and June 16, 2005, nine putative securities class action

lawsuits were filed in the Court alleging violations of the federal securities laws by Able

Laboratories, Inc. ("Able") and various of its officers, directors and employees. These lawsuits

were consolidated into this Action by Order dated January 25, 2006.

B.      By Order dated March 17, 2006, the Court appointed Denver Employees

Retirement Plan and Deka International (Ireland) Limited as Lead Plaintiffs in the consolidated

Action, and appointed the law firms of Grant & Eisenhofer P.A. and Murray Frank & Sailer LLP

as co-lead counsel for the putative Class. On March 5, 2007, the Court granted a motion by

Deka International (Ireland) Limited to substitute the law firm of Labaton Sucharow & Rudoff

LLP (now known as Labaton Sucharow LLP) for Murray Frank & Sailer LLP as co-lead counsel for the Class. The law firms of Grant & Eisenhofer P.A. and Labaton Sucharow LLP are together referred to herein as "Lead Counsel."

C.    On June 19, 2006, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint") alleging violations of the federal securities laws by the Defendants in connection with their conduct as directors, officers and/or employees of Able. Due to its bankruptcy filing on July 18, 2005, Able was not named as a defendant in the Complaint.

D.    Following a hearing held on June 11, 2007, the Court issued an order denying Defendants' motions to dismiss the Complaint. On March 24, 2008, the Court (a) issued a lengthy Opinion setting forth its reasoning for the denial of the motions to dismiss, and (b) issued an Opinion and Order denying Defendants' motions for reconsideration of the denial of their motions to dismiss.

E.    Carolina Casualty Insurance Company (Policy No. 1635398/1), Great American Insurance Company (Policy No. NSX5236121), U.S. Specialty Insurance Company (Policy No. 24-MGU-04-A4610), and XL Specialty Insurance Company (Policy No. ELU 87579-04) (collectively, the "Insurers") provided directors' and officers' liability insurance coverage to Able and its directors and officers with a Policy Period of November 17, 2004 to November 17, 2005. The insurance policies issued by the Insurers to Able (the "D&O Policies") provide maximum aggregate coverage of $25,000,000. Some of the proceeds of the D&O Policies have already been used to fund certain costs of defense incurred by Defendants and other former officers and directors of Able, thus reducing the amount available to satisfy any judgment or settlement in the Action and other litigation against Able's former officers and directors to less than $25,000,000.

2

F.      In or about January 2008, Lead Plaintiffs and the Defendants (collectively, the "Parties"), through their counsel, commenced discussions regarding a potential settlement of the Action.  To prevent further depletion of the proceeds available for settlement under the D&O Policies, Lead Plaintiffs and Defendants agreed to suspend the proceedings in the Action while settlement discussions were being pursued.  Following mediation with a private mediator and several settlement conferences with the Court, the Parties reached an agreement-in-principle on March 12, 2009 regarding the terms of the Settlement, as reflected in this Stipulation.  The Settlement between the Parties is part of a global settlement that also includes the settlement of two other actions pending in this Court:  *Charles A. Stanziale, Jr. v. Dhananjay G. Wadekar, et al.*, Case No. 06-CV-05447 (the "Trustee Action") and *Elnora Kirtley, et al. v. Dhananjay G. Wadekar, et al.*, Case No. 05-CV-5383 (the "Consumer Action").  The Action, The Trustee Action and the Consumer Action are collectively referred to herein as the "Able Litigation."

G.      The United States Attorney's Office for the District of New Jersey and the Securities and Exchange Commission ("SEC") are currently investigating Able and certain of the Defendants (the "Able Investigation").

H.      Defendants deny all allegations of wrongdoing, fault, liability or damage to Lead Plaintiffs or the Class and deny the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim that was or could have been asserted in the Action or in any other litigation or proceeding.  Defendants recognize, however, the uncertainty and risk inherent in any litigation, especially complex securities litigation, and the difficulties and substantial expense and length of time necessary to defend this action through trial and any appeal.  To eliminate this burden, expense and risk, Defendants wish to settle the Action on the terms and conditions set forth in this Stipulation.

3

I.      Lead Counsel have investigated the events and transactions alleged in the Complaint, researched the applicable law with respect to the claims of the Class and the potential defenses thereto, and evaluated the availability of resources from which the damages sustained by the Class may be recovered.  Based upon Lead Counsel's research and investigation, Lead Plaintiffs and Lead Counsel believe the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class, and in the best interests of the Class, and have agreed to settle the Action pursuant to the terms and provisions of this Stipulation, after considering the benefits that the Class will receive from the settlement, and the attendant risks of litigation.

J.      The Parties recognize that the Action is being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, that the Action shall be compromised, settled, released and dismissed with prejudice in its entirety, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation the following terms shall have the following meanings:

a.      "Class" means all persons or entities who purchased or otherwise acquired Able's publicly traded common stock during the Class Period (defined below); *provided, however*, that the following are expressly excluded from the Class:  Able and each of its subsidiaries and affiliates; the Defendants; Nitin V. Kotak; Robert Weinstein; C. Robert Cusick; Elliot F. Hahn; Harry Silverman; David S. Tierney; Jerry I. Treppel; F. Howard Schneider; Kamlesh B. Haribhakti; Joan M. Janulis; Konstatin Ostaficiuk; Hemanshu N. Pandya;

4

Janet Penner; Raju Vegesna; Shailesh V. Daftari; James B. Klint; Jyotin Parikh; Jose

Concepcion; Ashish Macwan; Dilip Patel; members of the immediate families of the Defendants

and of the other excluded individuals listed above; all entities in which any excluded person has

a controlling interest; and the legal representatives, heirs, successors, assigns or insurers of any

excluded person.

   b. "Class Member" means any person or entity who or which is a member of

the Class and not excluded therefrom.

   c. "Class Period" means the period from October 30, 2002 through and

including May 18, 2005.

   d. "Consumer Class" means members of the plaintiff class that is certified

for settlement purposes by the Court in the Consumer Action.

   e. "Claims Administrator" means the firm of The Garden City Group, Inc.,

which shall administer the Settlement.

   f. "Proof of Claim" means the form substantially in the form attached hereto

as Exhibit E, together with all supporting documentation specified therein, which Class Members

shall be required to complete and return to the Claims Administrator in order to substantiate their

entitlement to a share of the Settlement Fund.

   g. "Authorized Claimants" means those members of the Class and/or the

Consumer Class who submit timely and valid Proof of Claim forms to the Claims Administrator.

   h. "Insureds" means Dhananjay G. Wadekar; Robert J. Mauro, Nitin V.

Kotak, Garth Boehm, Iva Klemick; Robert Weinstein, C. Robert Cusick, Elliot F. Hahn, Harry

Silverman; David S. Tierney; Jerry L. Treppel, F. Howard Schneider, Bharati S. Daftari

LIBA/2050580.1

Executrix of The Estate of Shailesh V. Daftari, Kamlesh Haribhakti, Joan M. Janulis, Konstantin Ostaficiuk, Hemanshu N. Pandya, Janet Penner, Shashikant C. Shah and Raju Vegesna.

        i.       "Settlement" means the settlement contemplated by this Stipulation.

        j.       "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit A.

        k.       "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit B.

        l.       "Publication Notice" means the summary notice of the proposed Settlement and hearing for publication substantially in the form attached as Exhibit C hereto.

        m.       "Released Parties" means any and all of the Insureds, and each of their immediate family members, heirs, executors, administrators, successors and assigns; Insureds' present, former and future agents, employees, attorneys, advisors, investment advisors, auditors, accountants, Insurers; any person, firm, trust, corporation, officer, director or other individual or entity which is or was related to or affiliated with any Insured, or in which any Insured has or had a controlling interest; and the present, former and future legal representatives, spouses, heirs, executors, administrators, predecessors, successors in interest and/or assigns of any of the foregoing; *provided, however,* that the term "Released Parties" does not include Able.

        n.       "Released Claims" shall collectively mean all direct, individual and/or class claims (including "Unknown Claims" as defined in Subparagraph q hereof), debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert and/or consulting fees, and/or any other costs, expenses, liability and/or

6

relief, monetary, injunctive, or otherwise), whether based on federal, state, local, statutory and/or common law and/or any other law, rule or regulation, whether known or unknown, accrued or hereafter to accrue, liquidated or unliquidated, at law or in equity, matured or unmatured, concealed or hidden, whether class and/or individual in nature, (i) that have been asserted in this Action by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties and/or that relate to the purchase, sale and/or acquisition of shares of the common stock of Able by the Lead Plaintiffs, Class Members or any of them during the Class Period, (ii) that could have been, and/or could in the future be, asserted in any forum by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties which arise out of and/or are based upon and/or relate in anyway to the allegations, transactions, facts, matters, and/or occurrences, representations and/or omissions involved, set forth, and/or referred to in the Complaint and that relate to the purchase, sale and/or acquisition of shares of the common stock of Able by the Lead Plaintiffs, Class Members or any of them during the Class Period, and/or (iii) that arise out of and/or relate in any way to the defense and/or settlement of this Action (except for claims to enforce the Settlement).

      o.     "Settlement Notice" means the notice to be mailed to prospective members of the Class, substantially in the form attached as Exhibit D hereto.

      p.     "Plan of Allocation" refers to the manner in which the Net Settlement Fund shall be allocated among Authorized Claimants, as described in the Settlement Notice.

      q.     "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, demands, rights, liabilities, and causes of action, which, if known by him, her, or it,

7

might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision(s) with respect to this Settlement, including any decision not to object to this Settlement. The Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs and Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The Lead Plaintiffs and the Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Lead Plaintiffs, Defendants and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs and Defendants shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Lead Plaintiffs and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## THE SETTLEMENT CONSIDERATION

2.      Defendants shall cause the sum of Nine Million One Hundred Fifty Thousand Dollars ($9,150,000) in cash (the "Settlement Payment") from the proceeds of the D&O Policies to be wire transferred into an escrow account for the benefit of the Class and the Consumer Class, as instructed by Lead Counsel for the Class and lead counsel for the Consumer Class.  The Settlement Payment shall be made within thirty (30) days after the later of: (i) preliminary approval of the settlement of the later of the Action and the Consumer Action; and (ii) the date on which Lead Counsel for the Class and lead counsel for the Consumer Class provide the Insurers with payment instructions, including any tax forms or other information which is reasonably necessary to make the Settlement Payment.

3.      Separate and apart from the Settlement Payment, Defendants shall cause certain Insurers to establish a reserve in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00) (the "Set Aside") to be established from the proceeds of the D&O Policies, from which certain of the Insurers shall pay on a first-in basis, future defense costs ("Future Costs").

4.      Future Costs shall include only reasonable and necessary defense fees and costs that are covered by the D&O Policies or that the Insurers otherwise agree to pay, and that are incurred by Garth Boehm, C. Robert Cusick, Bharati S. Daftari Executrix of The Estate of Shailesh V. Daftari, Elliot F. Hahn, Kamlesh Haribhakti, Joan M. Janulis, Iva Klemick, Nitin V. Kotak, Robert J. Mauro, Konstantin Ostaficiuk, Hemanshu N. Pandya, Janet Penner, F. Howard Schneider, Harry Silverman, David S. Tierney, Jerry I. Treppel, Raju Vegesna, Dhananjay G.

LIBA/2050580.1

Wadekar, and Robert Weinstein in connection with: (i) the Able Litigation, including, but not limited to, the drafting and finalizing of any settlement agreements and approval of the Able Litigation Settlement; (ii) the Able Investigation, including, but not limited to, reasonable fees and costs incurred in connection with interviews of the Insured(s) by the U.S. Attorney and/or SEC; and (iii) the resolution of any action by any person or entity who elects to opt-out of the Able Litigation Settlement. Future Costs do not include any defense fees and costs incurred by Shashikant C. Shah and no funds from the Set Aside shall be paid to Shashikant C. Shah or his counsel.

5.    Insurers shall cause twenty-five percent (25%) of any remaining balance in the Set Aside (the "Reverter") to be paid into an escrow account for the benefit of the Class, as instructed by Lead Counsel, within thirty (30) days following the latest of: (i) final approval of the settlements in this Action, the Consumer Action and the Trustee Action; (ii) January 1, 2012; (iii) final resolution of any proceedings instituted after the signing of this agreement and before January 1, 2012 against any of the Insureds in relation to their services as a director, officer or employee of Able; and (iv) the date on which Lead Counsel provide the Insurers with payment instructions, including any tax forms or other information which is reasonably necessary to make payment of the Reverter. Beginning on March 31, 2010 and continuing until the Reserve Payment is made, the Defendants shall cause the Insurers to inform Lead Counsel in writing, on a quarterly basis, and within thirty (30) days of any written request by Lead Counsel, of the balance remaining in the Set Aside.

6.    The Settlement Payment and the Reverter, if any (together, the "Settlement Fund") shall be deemed to be in the custody of the Court and shall remain subject to the

LIBA/2050580.1

jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court.

7.     Lead Counsel shall serve as escrow agents of the escrow account(s) containing the Settlement Fund, and shall cause any funds in such escrow account(s) to be held by, and invested and reinvested by, one of the one hundred (100) largest banks in the United States.

8.     All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively, "Taxes") shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the escrow agents without further Order of the Court.

9.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  Defendants' counsel agree to provide promptly to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).

10.    The Settlement Fund, net of any Taxes, shall be used to pay (i) the notice and administration costs as provided in Paragraph 17 hereof, and (ii) the attorneys' fee and expense award as provided in Paragraph 14 hereof.  The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund" and shall be distributed to the Authorized Claimants as provided in Paragraphs 24-28 hereof.

11

## MUTUAL RELEASES

11.     Pursuant to the Order and Final Judgment, upon the Effective Date of the

Settlement:

a.     Lead Plaintiffs and the Class Members, on behalf of themselves and their heirs,

agents, executors, administrators, predecessors, successors and assigns, and their personal

representatives, shall be deemed to have released and forever discharged, and shall permanently

be barred and enjoined from prosecuting, any and all Released Claims.  By entering this

Stipulation, the Lead Plaintiffs represent and warrant that they have not assigned, hypothecated,

transferred or otherwise granted any interest in the Released Claims, or any of them, to any other

party or entity.

b.     Defendants and the Insureds, on behalf of themselves and their heirs, agents,

executors, administrators, predecessors, successors and assigns, and their personal

representatives shall be deemed to have released and forever discharged, and shall permanently

be barred and enjoined from prosecuting, all claims, rights, demands, suits, matters, issues or

causes of action, including both known and Unknown Claims, against Plaintiffs, the members of

the Class, or any of their present or former attorneys, agents, insurers and assigns, including

Lead Counsel, arising out of, or relating in any way to, the institution, prosecution, or settlement

of the Action (except for claims to enforce the Settlement).  By entering this Stipulation, the

Defendants represent and warrant that they have not assigned, hypothecated, transferred or

otherwise granted any interest in any such claims to any other party or entity.

## ENTRY OF ORDERS

12.     Promptly after this Stipulation has been fully executed, counsel for the Parties

jointly shall apply to the Court for entry of the Preliminary Approval Order.

12

13.     If the Settlement is approved by the Court following notice to the Class and a fairness hearing, counsel for the Parties shall request that the Court enter the Order and Final Judgment.

## ATTORNEYS' FEES AND EXPENSES

14.     Lead Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses, plus interest, from the Settlement Fund.  Defendants take no position regarding the amount of attorneys' fees or costs payable to Lead Counsel.  Such attorneys' fees, expenses, and interest as are awarded by the Court from the Settlement Fund (the "Fee Award") shall be payable from the Settlement Fund to Lead Counsel immediately upon entry of the order setting forth the Fee Award, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

15.     The Released Parties shall have no responsibility for or liability with respect to any attorneys' fees, costs or expenses sought by Lead Counsel, and/or any other Person who may assert some claim thereto.

16.     Except as provided herein, the Parties shall bear their own attorneys' fees and costs incurred in connection with the Action.

## CLAIMS ADMINISTRATION EXPENSES

17.     To pay the reasonable costs and expenses associated with the administration of the Settlement and the settlement of the Consumer Action, including without limitation, the costs of identifying members of the Class and the Consumer Class; the costs of publication, printing and dissemination of notice to members of the Class and the Consumer Class; and the administrative

13

expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims (collectively, "Claims Administration Expenses"), Lead Counsel and lead counsel for the Consumer Class may expend from the Settlement Fund, without further approval from the Court, a sum that is not in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) in the aggregate. In no event shall the Released Parties or any of them bear any responsibility or liability for any Claims Administration Expenses.

## ADMINISTRATION OF THE SETTLEMENT

18.    The Claims Administrator shall administer the Settlement and disburse the Net Settlement Fund under Lead Counsel's supervision and subject to the jurisdiction of the Court. Defendants' counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, but otherwise Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to Lead Plaintiffs or Class Members in connection with such administration.

19.    Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for therein.

20.    For purposes of determining the extent, if any, to which a member of the Class or of the Consumer Class shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply, subject to Lead Counsel's discretion to waive any such conditions in the interests of achieving substantial justice:

a.    Each member of the Class and of the Consumer Class shall be required to submit a Proof of Claim, supported by such documents as are designated therein, including proof

14

of the claimant's loss, or such other documents or proof as the Claims Administrator, in its discretion (subject to Lead Counsel's supervision), may deem acceptable;

   b.  All Proofs of Claim must be submitted by the date specified in the Settlement Notice unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless, by Order of the Court, a later-submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for herein. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Settlement Notice. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

   c.  Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who, under the supervision of Lead Counsel (and, as to claims submitted by members of the Consumer Class, lead counsel for the Consumer Class), shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Subparagraph e below;

   d.  Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in an effort to remedy the curable deficiencies in the Proofs of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a

LIBA/2050580.1

timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of Subparagraph e below;

e.     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in Subparagraph d above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel (and, as to claims submitted by members of the Consumer Class, lead counsel for the Consumer Class) shall thereafter present the request for review to the Court; and

21.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a member of the Class or the Consumer Class and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing the Proofs of Claim.

22.     Lead Counsel and lead counsel for the Consumer Class will apply to the Court, without notice to Defendants' counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted.

LIBA/2050580.1

23.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

24.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation).

25.     The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

26.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted Authorized Claimants. This is not a claims-made settlement. Neither the Defendants nor the Insurers shall be entitled to the return of any settlement monies once the Effective Date occurs.. Defendants shall have no involvement in reviewing or challenging Proofs of Claim.

27.     Once the Class Distribution Order has been entered and the Effective Date has occurred, the Claims Administrator shall, under the direction of Lead Counsel and lead counsel for the Consumer Class and without further order of the Court, distribute the Net Settlement Fund to Authorized Claimants in accordance with this Stipulation and the Plan of Allocation.

28.     Following the initial distribution of the Net Settlement Fund to Authorized Claimants, if any funds remain in the Net Settlement Fund by reason of uncashed bank drafts or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their bank drafts, any balance remaining in the Net Settlement Fund

LIBA/2050580.1

six months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their bank drafts and who would receive at least $10.00 from such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel and lead counsel for the Consumer Class.

## EFFECTIVE DATE OF SETTLEMENTS, WAIVER OR TERMINATION

29.    The Effective Date of the Settlement shall be the date when all of the following shall have occurred:

a.    entry of the Preliminary Approval Order in all material respects in the form annexed hereto as Exhibit B;

b.    approval by the Court of the Settlement, following notice to the Class and a hearing as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

c.    entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit A annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than those provided above ("Alternative Judgment") and none of the Parties elect to terminate the Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

LIBA/2050580.1

30.    Each of the Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for all other Parties hereto within thirty (30) days after: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States; or (e) the date upon which an Alternative Judgment with respect to the Settlement is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States.

31.    If prior to the Settlement Hearing, the aggregate number of shares of Able common stock purchased or otherwise acquired by persons who would otherwise be Class Members, but who submit timely and valid requests for exclusion from the Class, exceeds the sum specified in a separate "Supplemental Agreement" between the Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises. For purposes of this paragraph and the Supplemental Agreement, a request for exclusion will not be deemed valid and timely unless it (a) includes all of the information required by the Notice, and (b) is postmarked by the date set forth in the Notice. In the event Defendants elect to terminate the Stipulation pursuant to this paragraph and the Supplemental Agreement, Defendants shall include with their notice of termination a written explanation of the calculations by which they determined that the threshold set forth in the

Supplemental Agreement has been exceeded. If Lead Plaintiffs contest whether that threshold

has been exceeded, they shall notify Defendants in writing within five (5) business days after

receiving the notice of termination. If the parties cannot resolve the dispute within five (5)

business days thereafter, the matter shall be submitted promptly to the Court for resolution.

     32.    If prior to the Settlement Hearing, the aggregate number of persons who

purchased a pharmaceutical product manufactured by Able Labs from October 1999 to the

present who would otherwise be members of the Consumer Class, but who submit timely and

valid requests for exclusion from the Consumer Class, exceeds the sum specified in a separate

supplemental agreement between the parties in the Consumer Action, Defendants shall have, in

their sole and absolute discretion, the option to terminate this Stipulation. For purposes of this

paragraph, a request for exclusion from the Consumer Class will not be deemed valid and timely

unless it (a) includes all of the information required by the Consumer Class notice, and (b) is

postmarked by the date set forth in the Consumer Class notice. In the event Defendants elect to

terminate the Stipulation pursuant to this paragraph, Lead Plaintiffs may contest whether the

relevant threshold has been exceeded, by notifying Defendants' counsel in writing within five (5)

business days after receiving the notice of termination. If the parties cannot resolve the dispute

within five (5) business days thereafter, the matter shall be submitted promptly to the Court for

resolution.

     33.    Except as otherwise provided herein, in the event the Settlement is terminated or

fails to become effective for any reason, then the Parties shall be deemed to have reverted to their

respective status in the Action as of March 11, 2009, and, except as otherwise expressly

provided, the Parties shall proceed in all respects as if the Settlement and any related orders had

not been entered, and any portion of the Settlement Payment previously paid by or on behalf of

Defendants, together with any interest earned thereon, less any Taxes due or paid with respect to such income, and less Claims Administration Expenses actually incurred and paid or payable from the Settlement Fund as of the date the Settlement is terminated, as that date is determined pursuant to the applicable terms of the Stipulation (not to exceed $250,000.00 without the prior approval of the Court), shall be returned promptly to the person(s) and or entity(ies) who made such payment(s). Any amounts deducted shall be applied against the primary insurer, Carolina Casualty Insurance Company.

## BAR ORDER AND JUDGMENT REDUCTION PROVISIONS

34.     The Order and Final Judgment shall include an order that bars all claims by any person against Defendants for contribution arising out of the Action and bars all claims by Defendants against any person for contribution arising out of the Action, other than a person whose liability has been extinguished by the Settlement, each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

## NO ADMISSION OF WRONGDOING

35.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.     shall not be offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any admission, concession or presumption against any Defendant with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted in the Action or in any other litigation or proceeding, or the deficiency of any defense that was or could have been asserted in the Action or in any other litigation or proceeding, or of any liability, negligence, fault, or wrongdoing of any Defendant;

LIBA/2050580.1

b.    shall not be offered or received against any Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

c.    shall not be offered or received against any Defendant as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any reason as against any Defendant, in any other civil, criminal or administrative action or proceeding;

d.    shall not be offered or received against Lead Plaintiffs or any member of the Class as evidence of, or construed as or deemed to be evidence of, any admission, concession or presumption against Lead Plaintiffs or any member of the Class that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the Settlement Payment; and

e.    shall not be construed as an admission or concession by any of the Parties that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

## MISCELLANEOUS PROVISIONS

36.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

37.    Lead Plaintiffs will not opt out of the Class or the Settlement, and in the event that other Class Members opt out of the Class or the Settlement and pursue individual litigation against Defendants based upon the facts and circumstances described in the Complaint, Lead Counsel will not represent any such Class Members in such litigation.

38.     If a case is commenced in respect of any Defendant or Insurer under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Defendant or Insurer to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Order and Final Judgment entered pursuant to this Stipulation; and, the Order and Final Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as of March 11, 2009 and any cash amounts in the Settlement Fund shall be returned as provided in paragraph 33 above.

39.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their successors-in-interest.

40.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

41.     The administration and consummation of the Settlement shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

42.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

LIBA/2050580.1

43.     This Stipulation and its exhibits constitute the entire agreement among the Parties concerning the Settlement, and no representations, warranties, or inducements have been made by any party hereto concerning the Settlement other than those contained and memorialized in such documents.

44.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

45.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

46.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

47.     All counsel and any other person executing this Stipulation, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

48.     Lead Counsel and Defendants' counsel shall cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, and in promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

LIBA/2050580.1

Agreed to as of December **30** , 2009.

Stuart M. Grant
Megan D. McIntyre
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, DE 19801
*Counsel for Lead Plaintiff Denver Employees
Retirement Plan and Co-Lead Counsel for the
Class*

Thomas A. Dubbs
Ira A. Schochet
David J. Goldsmith
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
*Counsel for Lead Plaintiff Deka
International (Ireland) Limited and Co-
Lead Counsel for the Class*

Brian E. Pastuszenski
Stuart M. Glass
Neil Raphael
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
*Counsel for Defendants Dhananjay G.
Wadekar and Iva Klemick*

Daniel K. Winters
Lawrence J. Reina
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
*Counsel for Defendants Robert J. Mauro
and Garth Boehm*

Roderick L. Thomas
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006

Glenn Reichardt
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006

*Counsel for Defendant Shashikant C. Shah*

25

LIBA/2050580.1

Agreed to as of December **30** , 2009.

---

Stuart M. Grant
Megan D. McIntyre
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, DE 19801
*Counsel for Lead Plaintiff Denver Employees
Retirement Plan and Co-Lead Counsel for the
Class*

---

Thomas A. Dubbs
Ira A. Schochet
David J. Goldsmith
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
*Counsel for Lead Plaintiff Deka
International (Ireland) Limited and Co-
Lead Counsel for the Class*

---

Brian E. Pastuszenski
Stuart M. Glass
Neil Raphael
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
*Counsel for Defendants Dhananjay G.
Wadekar and Iva Klemick*

---

Daniel K. Winters
Lawrence J. Reina
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
*Counsel for Defendants Robert J. Mauro
and Garth Boehm*

---

Roderick L. Thomas
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006

---

Glenn Reichardt
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006

*Counsel for Defendant Shashikant C. Shah*

Agreed to as of December **30** , 2009.

| | |
|---|---|
| Stuart M. Grant<br>Megan D. McIntyre<br>GRANT & EISENHOFER P.A.<br>1201 N. Market Street<br>Wilmington, DE 19801<br>*Counsel for Lead Plaintiff Denver Employees*<br>*Retirement Plan and Co-Lead Counsel for the*<br>*Class* | Thomas A. Dubbs<br>Ira A. Schochet<br>David J. Goldsmith<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>*Counsel for Lead Plaintiff Deka*<br>*International (Ireland) Limited and Co-*<br>*Lead Counsel for the Class* |
| Brian E. Pastuszenski<br>Stuart M. Glass<br>Neil Raphael<br>GOODWIN PROCTER LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>*Counsel for Defendants Dhananjay G.*<br>*Wadekar and Iva Klemick* | Daniel K. Winters<br>Lawrence J. Reina<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>*Counsel for Defendants Robert J. Mauro*<br>*and Garth Boehm* |

Roderick L. Thomas
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006

Glenn Reichardt
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006

*Counsel for Defendant Shashikant C. Shah*