UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------ x
                               :
In re ABLE LABORATORIES        :  Case No. 05-CV-2681 (JAG) (MCA)
SECURITIES LITIGATION          :
                               :
                               :
------------------------------ x

## PRELIMINARY APPROVAL ORDER

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed settlement of the above-captioned action ("Action") in accordance with the Stipulation and Agreement of Settlement dated December 30, 2009 ("Stipulation"), which sets forth the terms and conditions for a settlement ("Settlement") of the Action and for the release of certain claims and the dismissal of the Action with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court has not certified the Action as a class action, but is being asked to preliminarily certify a Class, for purposes of the Settlement, consisting of all persons and entities who purchased or otherwise acquired publicly traded common stock of Able Laboratories, Inc. ("Able") during the period from October 30, 2002 through and including May 18, 2005 (the "Class Period"); provided, however, that Lead Plaintiffs' proposed definition of the Class excludes: Able and each of its subsidiaries and affiliates; the Defendants; Nitin V. Kotak; Robert Weinstein; C. Robert Cusick; Elliot F. Hahn; Harry Silverman; David S. Tierney; Jerry I. Treppel; F. Howard Schneider; Kamlesh B. Haribhakti; Joan M. Janulis; Konstatin Ostaficiuk; Hemanshu N. Pandya; Janet Penner; Raju Vegesna; Shailesh V. Daftari; James B. Klint; Jyotin Parikh; Jose Concepcion; Ashish Macwan; Dilip Patel; members of the immediate families of the Defendants and of the other excluded individuals listed above; all entities in which any excluded

person has a controlling interest; and the legal representatives, heirs, successors, assigns or insurers of any excluded person.

WHEREAS, the Court having read and considered the Complaint, the Stipulation and the exhibits attached to the Stipulation, and being familiar with the negotiations and circumstances leading to the Settlement, and having heard and considered arguments by counsel for the parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement appears to fall within the range of possible approval criteria, as it provides a beneficial result for the Class and appears to be the product of good faith, informed and non-collusive negotiations between experienced and able counsel for the settling parties;

WHEREAS, the Court also finds, upon a preliminary evaluation, that the Class should be apprised of the Settlement, allowed to file objections thereto and to appear at the Fairness Hearing, or alternatively, be afforded a reasonable opportunity to opt out of the Action;

WHEREAS, the Court finds, upon a preliminary evaluation, that the Publication Notice and Settlement Notice attached to the Stipulation as Exhibits C and D, respectively, and the methodology described in Paragraph 4 of this Order for the publication and dissemination of such Settlement Notice and Publication Notice: (i) are the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise Class members of the pendency of the Action and of their right to object or exclude themselves from the proposed Settlement and object to Lead Counsel's application for attorneys' fees; (iii) are reasonable and constitute due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meet all applicable requirements of the Federal Rules of Civil Procedures, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of

1995 (15 U.S.C. § 78u-4, *et seq.*) (the "PSLRA"), the Rules of the Court and any other applicable law; and

WHEREAS, unless otherwise stated herein, all defined terms contained herein shall have the same meanings set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Class Findings** – For purposes of the Settlement of this Action, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Class described in the paragraphs above in that:

(a) The identities of the Class members are likely to be ascertainable from records kept by Able and/or its agents, and from other objective criteria, and the Class members are so numerous that their joinder before the Court would be impracticable;

(b) Lead Plaintiffs have alleged numerous questions of fact and law common to the Class;

(c) Based on allegations in the Action that Defendants engaged in misconduct uniformly affecting members of the proposed Class, the Court preliminarily finds that the claims of the Lead Plaintiffs in the Action are typical of the claims of the proposed Class;

(d) The Court finds that Lead Plaintiffs will fairly and adequately protect the interest of the proposed Class in that (*i*) the interests of Lead Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class, (*ii*) there appear to be no conflicts between or among the Lead Plaintiffs and the Class, (*iii*) Lead Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action, and (*iv*) Lead Plaintiffs and the Class members are represented by

qualified, reputable counsel who are experienced in preparing and prosecuting large, complex securities fraud class actions; and

(e)     The Court preliminarily finds that questions of law or fact common to members of the Class predominate over any questions affecting only individual members of the Class and that a class-action resolution in the manner proposed by the Stipulation would be superior to other available methods for a fair and efficient adjudication of the Action.  In making these preliminary findings, the Court has considered, among other factors, (*i*) the interest of the Class members in individually controlling the prosecution or defense of separate actions, (*ii*) the impracticability or inefficiency of prosecuting or defending separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

2.      **Preliminary Class Certification for Settlement Purposes** – Based on the findings set out in paragraph 1 above, the Court preliminarily certifies a Class for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3), consisting of all persons and entities who purchased or otherwise acquired publicly traded securities of Able during the period from October 30, 2002 through and including May 18, 2005; provided, however, that the Class excludes Able and each of its subsidiaries and affiliates; the Defendants; Nitin V. Kotak; Robert Weinstein; C. Robert Cusick; Elliot F. Hahn; Harry Silverman; David S. Tierney; Jerry I. Treppel; F. Howard Schneider; Kamlesh B. Haribhakti; Joan M. Janulis; Konstatin Ostaficiuk; Hemanshu N. Pandya; Janet Penner; Raju Vegesna; Shailesh V. Daftari; James B. Klint; Jyotin Parikh; Jose Concepcion; Ashish Macwan; Dilip Patel; members of the immediate families of the Defendants and of the other excluded individuals listed above; all entities in which any excluded person has a controlling interest; and the legal representatives, heirs, successors, assigns or

4

insurers of any excluded person. Also excluded from the Class is any person or entity who or which properly excludes himself, herself or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Settlement Notice.

    3.    **Preliminary Approval of Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to the Class members, subject to further consideration at the Fairness Hearing described below.

    4.    **Fairness Hearing** – A hearing (the "Fairness Hearing") shall be held on June 16, 2010 at 1:00 p.m. before Chief Judge Garrett E. Brown in Courtroom 4E of the Clarkson S. Fisher United States Courthouse, 402 East State Street, Trenton, New Jersey 08608. The purpose of the Fairness Hearing will be to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether the proposed Plan of Allocation is fair and reasonable and should be approved; whether the Final Judgment as provided in the Stipulation should be entered herein; and whether Lead Counsel's application for attorneys' fees and expenses should be granted.

    5.    **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Publication Notice and the Settlement Notice attached to the Stipulation as Exhibits C and D, respectively, and finds that the mailing and publication of the Settlement Notice and the publication of the Publication Notice in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934, as amended by Section 21D(a)(7) of the PSLRA, 15 U.S.C. § 78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

6. **Retention of Claims Administrator and Manner of Notice** – Lead Counsel are hereby authorized to retain The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than March 15, 2010, Lead Counsel shall cause the Publication Notice, substantially in the form attached to the Stipulation as Exhibit C, to be published on one occasion in the national edition of *Investor's Business Daily*;

(b) Not later than March 15, 2010, Lead Counsel shall cause a copy of the Settlement Notice substantially in the form attached to the Stipulation as Exhibit D, as well as a Proof of Claim form substantially in the form attached to the Stipulation as Exhibit E, to be mailed by first-class mail to all Class members who can be identified with reasonable effort;

(c) Not later than March 15, 2010, Lead Counsel shall publish the Settlement Notice on their respective firm websites and shall instruct the Claims Administrator to cause the Settlement Notice to be posted on the Claims Administrator's website, where the Settlement Notice shall remain posted through the date of the Fairness Hearing; and

(d) Not later than seven (7) days prior to the Fairness Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such publication and mailing.

7. **Nominee Procedures** – Nominees who purchased or acquired Able securities for the benefit of another person or entity during the Class Period shall be requested to (a) send the Settlement Notice and the Proof of Claim form to all such beneficial owners within ten (10) days after receipt thereof, or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Settlement Notice and Proof of Claim form to such

beneficial owners. Nominees who choose to follow alternative procedure (a) above shall be directed to, upon completion of the mailing, send a statement to the Claims Administrator confirming that the mailing was made as directed.

8. **Exclusion From the Class** – All Class members who do not timely and validly request exclusion from the Class shall be bound by all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the releases provided for therein and in the Final Judgment, whether favorable or unfavorable to the Class. Class members who wish to exclude themselves from the Class shall request exclusion within the time and in the manner set forth in the Settlement Notice, including mailing or delivering a written request for exclusion such that it is postmarked by May 19, 2010, to: Able Laboratories Securities Litigation, c/o The Garden City Group, Inc. P.O. Box 9584, Dublin, OH 43017-4884, as provided in the Settlement Notice.

9. **Submission of Proof of Claim Forms** – Class members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted to the Claims Administrator by first-class mail, postmarked by June 30, 2010. Any Class Member who does not validly and timely submit a Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court.

10. **Appearance and Objections at Fairness Hearing** – Any Class member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of Court and deliver to Lead Counsel and Defendants' counsel a notice of appearance such that it is received by May 19,

2010, or as the Court may otherwise direct. Any Class member who does not enter an appearance will be represented by Lead Counsel. Any Class member may appear and show cause, if he, she or it has any such cause, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a Final Judgment should or should not be entered thereon, or why the Plan of Allocation should or should not be approved, or why Lead Counsel's application for attorneys' fees and expenses should or should not be granted; provided, however, that no Class member or any other person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that person or entity has filed written objections and copies of any such papers and briefs with the Clerk of the Court for the United States District Court for the District of New Jersey, on or before May 19, 2010, and unless copies of such written objection papers and briefs are received by each of the following:

| | |
|---|---|
| Megan D. McIntyre, Esquire<br>GRANT & EISENHOFER, P.A.<br>1201 N. Market Street<br>Wilmington, DE 19801 | Thomas A. Dubbs, Esquire<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005 |
| Stuart M. Glass, Esquire<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109 | Daniel K. Winters, Esquire<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, NY 10022 |
| Roderick L. Thomas, Esquire<br>WILEY REIN LLP<br>1776 K Street, N.W.<br>Washington, DC 20006 | |

The objections and/or briefs filed by the objecting Class member must contain a statement of his, her or its objection, as well as the specific reasons, if any, for each objection, including the legal support the Class member wishes to bring to the Court's attention and any evidence the Class member wishes to introduce in support of his, her or its objection. Any Class member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever barred and foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel.

11. **Stay of Proceedings** – All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

12. **Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class members, as well as in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay to Defendants or the Insurers the reasonable and actual costs incurred as of the date the Settlement is terminated, as that date is determined pursuant to the applicable terms of the Stipulation, of providing notice to the Class and of administration, up to a maximum of $250,000. At or after the Fairness Hearing, the Court shall determine whether Lead Counsel's application for attorneys' fees and expenses shall be approved. Neither Defendants nor Defendants' counsel shall have any responsibility for any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

13. **Continuance of Hearing** – The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the parties to the Stipulation, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: February 24, 2010

_____
HONORABLE JOSEPH A. GREENAWAY, JR.
UNITED STATES DISTRICT JUDGE