RECEIVED AT 8:30 AUG 25 2010 WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------ x
:
In re ABLE LABORATORIES : Case No. 05-CV-2681 (GEB) (MCA)
SECURITIES LITIGATION :
:
:
------------------------------ x

## ORDER AND FINAL JUDGMENT

On June 16, 2010, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of December 30, 2009 (the "Stipulation"), including the releases provided for in the Stipulation, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; and (4) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice of the hearing substantially in the form approved by the Court was posted on the Claims Administrator's and Lead Counsel's websites and mailed to all persons or entities reasonably identifiable who purchased the securities at issue in this Action during the Class Period, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion in the national edition of *Investor's Business Daily*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and

expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order and Final Judgment incorporates and makes a part hereof:

    (a) the Stipulation and the exhibits thereto, which were filed with the Court on January 4, 2010; and

    (b) the Settlement Notice and Publication Notice, both of which were filed with the Court on June 2, 2010.

2. The Court has jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, all Class Members, the Defendants, and the Insurers for purposes of enforcing the Settlement.

3. The Court finds that the Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for the reasons set out in the Preliminary Approval Order. The Court therefore finally certifies the Class for settlement purposes consisting of all persons and entities who purchased or otherwise acquired publicly traded common stock of Able during the period from October 30, 2002 through and including May 18, 2005; *provided, however,* that the Class excludes: Able and each of its subsidiaries and affiliates; the Defendants; Nitin V. Kotak; Robert Weinstein; C. Robert Cusick; Elliot F. Hahn; Harry Silverman; David S. Tierney; Jerry I. Treppel; F. Howard Schneider; Kamlesh B. Haribhakti; Joan M. Janulis; Konstantin Ostaficiuk; Hemanshu N. Pandya; Janet Penner; Raju Vegesna; Shailesh V. Daftari; James B. Klint; Jyotin Parikh; Jose Concepcion; Ashish Macwan; Dilip Patel; members of the immediate families of the Defendants and of the other excluded individuals listed above; all entities in which any excluded person has

a controlling interest; and the legal representatives, heirs, successors, assigns or insurers of any excluded person. Also excluded from the Class are the following persons and entities, who the Court finds have properly excluded themselves by filing valid and timely requests for exclusion in accordance with the requirements set forth in the Settlement Notice: Jack W. Moore.

4. The Court finds that Lead Plaintiffs and Lead Counsel have fully and adequately represented the Class for purposes of prosecuting the Action and entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

5. The Court finds that the distribution of the Settlement Notice, the publication of the Publication Notice, and the notice methodology: (i) were all implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement including the releases, of their right to object to the proposed Settlement or to Lead Counsel's application for fees and expenses, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing; (iv) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (v) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, *et seq.*) (the "PSLRA"), the Rules of the Court, and any other applicable law.

6. Defendants advised the Court during the Fairness Hearing that notice was provided under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to appropriate state and federal officials. The Court has not received any objections to the Settlement from those officials.

7. The Settlement is hereby fully and finally approved as fair, reasonable and adequate, and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. The Court approves the Plan of Allocation and all other documents submitted to the Court in connection with the implementation of the Settlement.

8. Lead Plaintiffs and all Class Members who have not previously excluded themselves from the Class, and their heirs, agents, executors, administrators, predecessors, successors and assigns, and their personal representatives, are hereby deemed to have released and forever discharged, and are hereby permanently barred and enjoined from prosecuting any and all Released Claims against the Released Parties.

9. Defendants and the Insureds and their heirs, agents, executors, administrators, predecessors, successors and assigns, and their personal representatives, are hereby deemed to have released and forever discharged, and are hereby permanently barred and enjoined from prosecuting, all claims, rights, demands, suits, matters, issues or causes of action, including both known and Unknown Claims, against Lead Plaintiffs, the members of the Class, or any of their present or former attorneys, agents, insurers and assigns, including Lead Counsel, arising out of, or relating in any way to, the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

10. The Court hereby bars all claims (a) by any person or entity against Defendants for contribution arising out of the Action, and (b) by Defendants against any person or entity for contribution arising out of the Action, other than a person whose liability has been extinguished by the Settlement, each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

11. Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statement referred to therein shall be:

(a) offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any admission, concession or presumption against any Defendant with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted in the Action or in any other litigation or proceeding, or the deficiency of any defense that was or could have been asserted in the Action or in any other litigation or proceeding, or of any liability, negligence, fault, or wrongdoing of any Defendant;

(b) offered or received against any Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against any Defendant as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any reason as against any Defendant, in any other civil, criminal or administrative action or proceeding (except a proceeding to enforce the Settlement);

(d) offered or received against Lead Plaintiffs or any member of the Class as evidence of, or construed as or deemed to be evidence of, any admission, concession or presumption against Lead Plaintiffs or any member of the Class that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund; or

(e) construed as an admission or concession by any of the Parties that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

12. The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. The law firms of Grant & Eisenhofer P.A. and Labaton Sucharow LLP, as Lead Counsel for the Class, are hereby awarded One Million Ninety-Eight Thousand Dollars ($1,098,000.00) in attorneys' fees and One Hundred Eighty Thousand Four Hundred Thirty-Six and 12/100 Dollars ($180,436.12) in reimbursement of expenses, which the Court finds to be fair and reasonable and which shall be paid to Lead Counsel from the Settlement Fund in accordance with the terms of the Stipulation. Lead Counsel also are hereby awarded an attorneys' fee in the amount of twelve percent (12%) of the Reverter, to be paid from the Settlement Fund after the Reverter is paid into the Settlement Fund pursuant to Paragraph 5 of the Stipulation. After the Reverter is paid into the Settlement Fund, Lead Counsel may apply to the Court, without further notice to the Class, for reimbursement of additional litigation expenses not included in their application filed on June 2, 2010, to be paid from the Settlement Fund. The amount of expenses for which reimbursement is sought by that application shall not exceed Thirty-Four Thousand Dollars ($34,000.00).

14. Exclusive jurisdiction is hereby retained over the Parties, the Insurers and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including

any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments and modifications of the Stipulation or any exhibits attached to the Stipulation as (i) are not materially inconsistent with this Order and Final Judgment, and (ii) do not materially limit the rights of Class Members under the Stipulation.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provision of the Stipulation.

17. The Action, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed, on the merits and with prejudice as of the Effective Date, without fees or costs except as otherwise provided in this Order and Final Judgment.

DATED: August 25, 2010

HON. GARRETT E. BROWN, JR.
CHIEF UNITED STATES DISTRICT JUDGE

741054 v7
[8/10/2010 18:53]